IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 19-cv-00941-RM-SKC

DENNIS L. BROWN,
PAUL D. BROWN,

    Plaintiffs,

v.

BRADLEY J. TENNISON,
FREDERICK ARIAS,
WAYNE EDWARD BELL,
TENNISON INVESTMENTS, INC.,
SHIELD DEFENSE SYSTEMS, INC.,
THE JOSEPH PROJECT, and,
JOHN DOES NUMBERS ONE THROUGH THREE,

    Defendants.

---

ORDER DENYING MOTION FOR SANCTIONS [DKT. 109]

---

This order addresses Plaintiffs' April 4, 2021 Motion for Sanctions for Failure to Disclose Against Defendants Bradley J. Tennison and Tennison Investments, Inc. [Dkt. 109]. The Motion was referred to the magistrate judge. [Dkt. 111.] No response opposing the Motion was filed. The Court has reviewed the Motion, the docket, and applicable law. No hearing is needed.

The Motion seeks sanctions against Mr. Tennison and Tennison Investments under Fed. R. Civ. P. 37(c) for their failure to answer or otherwise respond to the

1

Complaint, and their failure to serve Plaintiffs with disclosures under Fed. R. Civ. P. 26. The Motion is DENIED because the Clerk of Court entered default under Fed. R. Civ. P. 55(a) against the Tennison Defendants on March 25, 2021 [Dkt. 105].

Plaintiffs filed a Motion for Entry of Default against the Tennison Defendants on March 25, 2021. [Dkt. 103.] That motion requested the Clerk's entry of default against the Tennison Defendants due to their "failure to plead or otherwise defend this action against them," relying on much, if not all, of the same conduct by the Tennison Defendants pleaded in support of the Motion for Sanctions. [*Compare* Dkt. 109 *with* Dkt. 103.]

In relevant part, the Motion for Sanctions complains the Tennison Defendants have failed to file an answer to the Complaint or serve their initial disclosures. [Dkt. 109, ¶¶17-20.] It specifies that Plaintiffs seek an order sanctioning these Defendants by:

1. ordering the Tennison Defendants to disclose to Plaintiffs, all documents, communications, recordings and other tangible things, along with any devices (or identical copies of such devices) containing such materials, that relate to the subject matter of Plaintiffs' Complaint (ECF No. 1) and the claims and defenses in this case, including but not limited to any and all materials relating to the funds Plaintiffs invested, The Joseph Project, The Destiny Trust and any individuals or entities, whether named or unnamed, in the Complaint or affiliated with the foregoing . . .;

2. ordering that the foregoing shall be disclosed to Plaintiffs by the Tennison Defendants within fourteen (14) days of the Court's order, and the disclosure shall consist of all such materials that are in the Tennison Defendants' possession, custody or control, along with all such materials in the possession, custody or control of any current or former counsel for the Tennison Defendants;

3. directing that the matters contained in the Complaint are taken as established, as to the Tennison Defendants, for purposes of this action;

4. prohibiting the Tennison Defendants from opposing the claims in the Complaint and from using any information or witnesses to supply evidence relating to a motion, at a hearing, or in trial in this case;

5. ordering the Tennison Defendants to pay Plaintiffs reasonable expenses, including attorneys' fees, in seeking to remedy the failures by the Tennison Defendants herein; and

6. treating as contempt of Court any failure by the Tennison Defendants to timely obey any subpart of this order.

[Dkt. 109, pp.7-8.]

Most of the sanctions Plaintiffs seek are duplicative of what it accomplished by obtaining the entry of default against these defendants; the effect of an entry of default against a party is that the factual allegations in the complaint regarding liability are deemed admitted. *OTO Software, Inc. v. Highwall Techs., LLC*, No. 08-CV-01897-PAB-CBS, 2011 WL 3236049, at *4 (D. Colo. July 5, 2011) (a party's default is deemed a concession of all well-pleaded allegations of liability), adopted, 2011 WL 3235707 (D. Colo. July 27, 2011); *Cree, Inc. v. BHP Energy Mexico S. De R.L. De C.V.*, 335 F. Supp. 3d 1105, 1111 (E.D. Wis. 2018) (same); *Harris v. M/V FATHOMS O'FUN*, No. 10-62038-CV, 2011 WL 13319377, at *2 (S.D. Fla. July 18, 2011) (same), adopted, 2011 WL 13319373 (S.D. Fla. Aug. 18, 2011); *In re Sandoval*, No. 06-11316-R, 2007 WL 2737939, at *1 (Bankr. N.D. Okla. Sept. 12, 2007) (same) aff'd, 541 F.3d 997 (10th Cir. 2008); *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 783 (E.D. Tex. 2006) ("The effect of the entry of default is that it cuts off the

defendants' right to appear in the case with respect to liability issues."). And since Fed. R. Civ. P. 26(a)(1) only requires disclosure of materials a defendant "may use to support its . . . defenses[,]" the entry of default has rendered the Tennison Defendants' disclosures (and defenses) moot because their liability is now established.

Indeed, other courts have held the entry of default effectively ends the case against the party in default. *See Morales-Garcia v. Higuera Farms, Inc.,* No. CV185118SVWJPRX, 2020 WL 6260016, at *1 (C.D. Cal. June 4, 2020) ("Because default has been entered against Big F, it is no longer a party to this lawsuit."); *United States ex rel. Dotson v. Texoma Mobility, Inc.*, No. MO-09-CV-013, 2010 WL 11610444, at *1 (W.D. Tex. Nov. 12, 2010) ("Entry of Default was entered by the Clerk of the Court on October 8, 2010, effectively ending the case against Defendant Texoma Mobility, Inc."); *Blazek v. Cap. Recovery Assocs., Inc.*, 222 F.R.D. 360, 361 (E.D. Wis. 2004) (defaulted defendant should be treated as a nonparty for discovery purposes). *But see Minx, Inc. v. West*, No. 2:11-CV-00895-BSJ, 2011 WL 5844486, at *2 (D. Utah Nov. 21, 2011) (declining to treat defaulted party as a nonparty).

Whether or not the Tennison Defendants are considered parties in light of the entry of default, because the allegations in the Complaint regarding liability are now deemed admitted, the matter of their Rule 26(a)(1) disclosures is moot and irrelevant. Further, the relief sought by the Motion for Sanctions related to "directing that the matters contained in the Complaint are taken as established[,]" or "prohibiting the Tennison Defendants from opposing the claims in the Complaint[,]" are already

4

accomplished by the entry of default. And finally, because the acts or omissions of the Tennison Defendants supporting the Motion for Sanctions is the same conduct Plaintiffs advanced to support their Motion for Entry of Default, this conduct was already sanctioned with the entry of default, further rendering the Motion for Sanctions moot.

The Motion for Sanctions [Dkt. 109] is DENIED.[1]

DATED: January 12, 2022

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[1] Within 14 days after service of a copy of this Order, any party may serve and file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to file written objections may result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").